# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

CHARLES S. SMITH, Executor, etc., of HENRY J. CORBIN, Deceased, Plaintiff, *v.* ALVIN D. SERGENT, Defendant.

*Best evidence — Parol evidence — when admissible — Evidence as to personal transactions with deceased — Code, § 399 — Statements — what evidence admissible to explain — when admissible against one holding personal property by marital right.*

Parol evidence may be given to show an agreement for the sale of a farm, in pursuance of which a bond and mortgage and note were given by the purchaser, and such evidence is not subject to the objection that the agreement should be shown by the written instruments, as such instruments do not express the agreement.

In an action on a promissory note given to plaintiff's intestate, to which the defense is interposed that it had been assigned to defendant's wife, it is not error to allow the defendant to testify that he saw the note in his wife's possession. This is not a personal transaction between the witness and the intestate, and therefore objectionable under section 399 of the Code.

On the back of the note in suit, was an unexecuted assignment to the defendant's wife, written when the note was made. The attorney who prepared the papers was asked, "Did you suppose it [the assignment] was signed by Corbin at the time?" He answered, "Yes, sir." *Held*, that what Corbin said or did was admissible, but that the supposition of the witness, as to what was in fact done or omitted, was not.

After proof had been given of statements of Corbin, that he had given the defendant's wife $500; that he had given her $500 in the personal property, farming utensils, etc.; that he had given her $500 in the trade, etc.; evidence showing that the personal property sold was worth at least $500 more than the price paid, was, under the circumstances, improperly excluded.

Plaintiff offered to show that Mrs. Sergent (defendant's wife) had admitted that Mr. Corbin had always remained the owner of the note. The evidence was excluded. *Held*, that the evidence did not fall within the rule which excludes the declaration of the former holder of a note, in a suit by one to whom it has been transferred for value. The defendant claimed the note by a title

growing out of his marital rights, as survivor of his wife — claimed title through his wife in a representative capacity — hence her admissions were competent as against him.*

MOTION for a new trial on exceptions ordered to be heard at the General Term in the first instance, a verdict having been rendered at the circuit in favor of defendant.

*H. G. Prindle,* for the plaintiff.

*Isaac S. Newton,* for the defendant.

Opinion by BOCKES, J.

Present—MILLER, P. J., BOCKES and BOARDMAN, JJ.

A new trial granted, costs to abide the event.